IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GILBERT ROSA-SANCHEZ,**

      Petitioner,

v.                                    CIVIL ACTION NO.: 3:23-CV-237
                                               (GROH)

**HEATHER L. RAY,**

      Respondent.

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on May 17, 2024. ECF No. 30. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petition with prejudice. Gilbert Rosa-Sanchez ("Petitioner") timely filed a document styled "Notice of Appeal" that the Court construes as his objections to the R&R. ECF No. 34.

### I. BACKGROUND

On November 27, 2023, the Petitioner filed a § 2241 Petition and a memorandum in support of his Petition. ECF Nos. 1 & 2. The Petitioner claims that he has been denied "eligibility of Earned Time Credits under First Step Act." ECF No. 1 at 1. Judge Trumble

Ordered the Respondent to show cause why the Petition should not be granted on November 29, 2023. ECF No. 5. The Respondent filed a Motion to Dismiss or for Summary Judgment on January 25, 2024. ECF No. 13. After a Roseboro Notice was issued by Judge Trumble, the Petitioner filed numerous documents in response to the Respondent's Motion. See ECF Nos. 15, 21, 22, 23, 24, 26, & 28. Upon reviewing the record, the Court finds that the background and facts as explained in the R&R appropriately describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein by reference.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v.

Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

The Court has thoroughly reviewed the Petitioner's objections along with the entire Court file in this case. The Court finds that the Petitioner's objections present no new material facts or arguments and do not specifically challenge the R&R's analysis. Instead, the objections present questions without any factual or legal support. Critically, the Petitioner has not offered any compelling legal argument to rebut the Respondent's argument that he is not entitled to have his earned credits applied because he is subject to a final order of removal. See 18 U.S.C. § 3632(d)(4)(E)(i).

The Magistrate Judge provided a thorough and detailed analysis explaining why the Petitioner is not entitled to the relief he seeks, and to the extent Petitioner reiterates the same arguments, the Undersigned adopts the R&R's findings and analysis and rejects the Petitioner's objections. It is clear to this Court that the Petitioner is not eligible to have time credits applied because he is subject to a final order or removal.

### IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 30] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Respondent's Motion to Dismiss [ECF No. 13] is **GRANTED** and the Petitioner's § 2241 Petition is **DISMISSED WITH PREJUDICE**. ECF No. 1.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner, by certified mail, at his last known address as reflected upon the docket sheet, and to transmit copies to all counsel of record herein. This case is **ORDERED STRICKEN** from the Court's active docket.

**DATED:** August 7, 2024

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE